IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JASON J.K. CUMMINGS, #A0132125, | ) CIV. NO. 15-00227 JMS/RLP ) |
| Plaintiff, | ) ORDER DENYING IN FORMA ) PAUPERIS APPLICATION AND ) APPOINTMENT OF COUNSEL, |
| vs. | ) AND DISMISSING COMPLAINT ) |
| FRANCIS SEQUIERA, JOHN AND JANE DOES 1-20, | ) ) ) |
| Defendants. | ) ) |

## ORDER DENYING IN FORMA PAUPERIS APPLICATION AND APPOINTMENT OF COUNSEL, AND DISMISSING COMPLAINT

Before the court is pro se Plaintiff Jason J.K. Cummings' prisoner civil rights complaint, *in forma pauperis* ("IFP") application, and request "For A Personal Injury Attorney." Doc. Nos. 1, 3 & 4. Plaintiff, incarcerated at the Oahu Community Correctional Center ("OCCC"), alleges that he incurred injuries after a fall from a top bunk on September 26, 2013. He further alleges that OCCC officials failed to install guard rails on the upper bunks. *See* Doc. No. 4. Plaintiff names as Defendants former OCCC Warden Francis Sequiera in his official capacity, and John and Jane Does 1-20. For the following reasons, Plaintiff's IFP application and request for counsel are DENIED and his Complaint is DISMISSED.

# I. THE IFP APPLICATION IS DENIED

Parties filing actions in the United States District Court are required to pay filing fees. 28 U.S.C. § 1914(a). An action may not proceed without the prepayment of a filing fee or the grant of IFP status. *See* 28 U.S.C. § 1915(a)(1). Plaintiff's IFP application lacks a prison official's certification of the amounts presently available to Plaintiff, the accuracy of the March and April 2015 trust account statements that Plaintiff provides, and a current statement showing the withdrawals and deposits to his accounts during the six months prior to June 15, 2015, when this action was filed. *See* 28 U.S.C. § 1915(a)(1) & (2); Local Rule 99.7.10(d).

Moreover, Plaintiff's March and April 2015 statements show that he had $1,916.96 in his account as of April 30, 2015. As a prisoner, whose subsistence needs are fully paid by the State, Plaintiff is able to pay the $400.00 statutory filing fee for this action and is not a pauper within the meaning of 28 U.S.C. § 1915. *See Escobedo v. Applebees*, --- F.3d ----, 2015 WL 3499902, at *8 (9th Cir. June 4, 2015) (explaining the differences between calculating whether to grant IFP for prisoners, who "have limited overhead," and other litigants); *see also Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995) (recognizing that the court

may consider a prisoner's choices in how to spend money before granting IFP, as prisoners' amenities are primarily "furnished by the prison").

Plaintiff's IFP request is DENIED. Within thirty (30) days of this Order, Plaintiff must pay the entire $400.00 filing fee, or submit a fully completed IFP application with an acceptable explanation why he qualifies as a pauper despite having nearly $2,000 available to him a month before commencing this action. Failure to do so on or before **July 15, 2015** will result in dismissal of this action without prejudice for failure to prosecute or follow a court order. *See* Fed. R. Civ. P. 41(b); *see also Olivares*, 59 F.3d at 112; *In re Perroton*, 958 F.2d 889, 890 (9th Cir. 1992); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (holding that a district court may dismiss an action for failure to comply with any court order).

Plaintiff is notified that as a prisoner he is obligated to pay the entire filing fee for commencing this action, regardless of whether his IFP application is granted and this action is later dismissed. *See* 28 U.S.C § 1915(b)(1) & (e)(2).

## II. DISMISSAL OF COMPLAINT

A. **Legal Standard**

The court must screen all civil actions brought by prisoners regarding prison conditions or seeking redress from a governmental entity, officer, or

employee. 28 U.S.C. § 1915A(a). Complaints or claims that are frivolous, malicious, fail to state a claim, or seek relief from a defendant who is immune from such relief must be dismissed. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1).

A complaint that lacks a cognizable legal theory or alleges insufficient facts under a cognizable legal theory fails to state a claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 does not demand detailed factual allegations, but "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The mere possibility of misconduct does not meet this plausibility standard. *Id.*; *Moss*, 572 F.3d at 969.

The court must construe a *pro se* complaint liberally, accept all allegations of material fact as true, and construe those facts in the light most favorable to the plaintiff. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Leave to amend should be granted if it appears possible for the plaintiff to correct the defects in his or her complaint. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

**B.     Discussion**

Plaintiff's Complaint consists solely of the first page of the court's prisoner civil rights complaint form. It alleges the court's jurisdiction and names Defendant Sequiera in his official capacity, but provides no other pertinent information. It does not detail Plaintiff's previous lawsuits while a prisoner, causes of action, statements of facts underlying his allegations, or explain how Plaintiff's federal rights were violated by OCCC's failure to install bed guards on its upper bunks. It has no request for relief and is unsigned and undated.

The only hint Plaintiff gives regarding the substance of his claims is found in his request for assistance in finding *pro bono* counsel. *See* Doc. No. 4. In this request, Plaintiff states that he fell from his bunk on September 26, 2013, and seriously injured himself. Plaintiff says he required hospitalization. Plaintiff suggests this injury stemmed from OCCC's negligence, because he is seeking a

personal injury attorney and makes no allegation that any Defendant acted with deliberate indifference to his health and safety by failing to ensure bed rails were provided on upper bunks. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). That is, Plaintiff fails to allege facts showing that, objectively, he was incarcerated under conditions posing a substantial risk of serious harm, and subjectively, prison officials were aware of a substantial risk of serious harm to him, actually drew the inference that such harm existed, and were nonetheless deliberately indifferent to such harm. *Id.* at 834, 837; *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1242 (9th Cir. 2010).

Plaintiff's Complaint wholly fails to state a claim for relief and is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2); and 28 U.S.C. § 1915A(b). If Plaintiff submits the civil filing fee as directed, or a complete IFP application with an explanation why he should be considered a pauper, he may amend his Complaint on or before **July 15, 2015** to correct its deficiencies. If Plaintiff fails to either pay or be granted IFP status, the court will not consider his Complaint and will dismiss this action without further notice.

### III. APPOINTMENT OF COUNSEL IS DENIED

First, there is no constitutional right to counsel in a civil case such as this. *See Lassiter v. Dep't of Soc. Serv.*, 452 U.S. 18, 25 (1981). Second, Plaintiff

is not proceeding IFP, where the court has discretion to appoint voluntary counsel for "any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Finally, Plaintiff's Complaint provides no basis for the court to exercise its discretion to appoint counsel based on the presence of "exceptional circumstances," or that the interests of justice support such appointment. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Plaintiff's request for appointment of counsel is DENIED.

## IV. <u>CONCLUSION</u>

(1) Plaintiff's *in forma pauperis* application is DENIED. Plaintiff is ORDERED to submit full payment of the $400 filing fee, or a complete *in forma pauperis* application with an explanation why he qualifies as a pauper, on or before **July 15, 2015**. Failure to do so will result in dismissal of this action for failure to pay, prosecute, or follow a court order.

(2) Plaintiff's Complaint is DISMISSED for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(b) & 1915A(b)(1). If Plaintiff pays the full civil filing fee or submits a sufficient *in forma pauperis* application (with an explanation as ordered), he may file an amended complaint curing the deficiencies noted above on or before **July 15, 2015**. Failure to timely amend and cure the Complaint's pleading deficiencies may result in dismissal of this action for failure to state a claim and may later count as a strike under 28 U.S.C. § 1915(g).

(3) In the alternative, Plaintiff may voluntarily dismiss this action without payment or penalty by notifying the court in writing on or before **July 15, 2015**.

(4) The Clerk SHALL mail Plaintiff a prisoner civil rights complaint form and *in forma pauperis* application so he can comply with the directions in this Order.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 18, 2015.



    /s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Cummings v. Sequiera, et al.*, Civ. No. 15-00227 JMS/RLP; ifp 2015; J:\PSA Draft Ords\JMS\Cummings 15-227 jms (dny, has $, incmpl. dny counsel)_mtd.wpd