IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JASON J.K. CUMMINGS, #A0132125, <br><br> Plaintiff, <br><br> vs. <br><br> WARDEN MICHAEL J. HOFFMAN, JOHN DOES 1-10, JANE DOES 1-10, <br><br> Defendants. | CIV. NO. 15-00227 JMS/RLP <br><br> ORDER DISMISSING AMENDED COMPLAINT PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(a) |

**ORDER DISMISSING AMENDED COMPLAINT
PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(a)**

Before the court is *pro se* Plaintiff Jason J.K. Cummings' amended prisoner civil rights complaint. Am. Compl., Doc. No. 6. Plaintiff is incarcerated at the Oahu Community Correctional Center ("OCCC"), and is proceeding *in forma pauperis*. Plaintiff alleges that Defendants OCCC Warden Michael J. Hoffman ("Warden Hoffman") and unidentified prison staff Jane and John Does 1-20 violated his constitutional rights when they failed to install safety rails on

///

///

///

OCCC's upper bunks and ignored his request for a bottom bunk. Plaintiff names all Defendants in their official capacities only.[1]

Plaintiff's Amended Complaint is DISMISSED with leave to amend as permitted by this Order pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A, for failure to state a cognizable claim for relief. Plaintiff is granted leave to amend on or before August 28, 2015.

## I. BACKGROUND

Plaintiff claims that during his intake interview on or about September 19, 2013, he advised Jane Does OCCC intake staff that he had fractured four ribs one month earlier.[2] Plaintiff says they logged this information on his intake form and sent the information to the OCCC medical unit to issue him a "Bottom Bunk memo." Am. Compl., Doc. No. 6, PageID #28. He says he heard one Jane Doe repeat "No Top Bunk," and is certain she wrote his request on his intake form. *Id.* ("But I know she wrote it down when she checked me in at intake."). Plaintiff says the medical unit was also separately "advised per module 5#" of his request for a Bottom Bunk memo. *Id.*, PageID #29. While Plaintiff

---

[1] Nonetheless, because Plaintiff is *pro se*, the court construes his claims as against Defendants in their official and individual capacities.

[2] Plaintiff states that he had also previously fractured another rib, his neck, and his back, but does not allege he told OCCC intake staff about these older injuries.

does not provide a copy of his intake notes, his attached "Multidisciplinary Progress Notes," show that he was readmitted to OCCC on September 13, 2013, and seen at the OCCC medical unit on September 23, 2013.  *See* Pl.'s Attach. 6-1.[3] These notes do not reflect that Plaintiff requested or was denied a Bottom Bunk memo at the September 23, 2013, medical appointment.  *Id.*

In the early morning hours of September 26, 2013, Plaintiff fell from his assigned top bunk while asleep.  *Id.*, PageID #27; *see also* Attach. 6-1, PageID #31-33.  Medical staff arrived at Plaintiff's cell within minutes, where they stabilized him and called for an ambulance.  Attach. 6-1, PageID #32.  Plaintiff was taken to The Queen's Medical Center ("QMC"), where he was treated and admitted for two days.  *Id.*, PageID #33.  Plaintiff sustained several new fractures and lacerations from the fall.  *See id.*

On September 28, 2013, Plaintiff returned to OCCC.  *Id.*  His medical chart details the injuries he incurred as a result of the fall, noting that he had "closed [fractures] of 5 ribs."  *Id.*  Plaintiff was given a "[Bottom Bunk] memo x 3 mo, neck brace x 1 mo,"[4] and rehoused in Module 2.  *Id.*  Plaintiff seeks damages

---

[3] Courts may consider documents attached to a complaint in assessing whether to dismiss the complaint.  *See, e.g.*, *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

[4] "BB memo x 3 mo" appears to mean a Bottom Bunk memo approved for three months.  Attach. 6-1, PageID #33.

for his physical and mental injuries based on Defendants' failure to install guard rails on OCCC's upper bunks or assign him a bottom bunk earlier.

## II. SCREENING

The court must screen all civil actions brought by prisoners proceeding *in forma pauperis* or seeking redress from a government entity, officer, or employee. 28 U.S.C. §§ 1915(e)(2) & 1915A(a). Complaints or claims that are frivolous, malicious, fail to state a claim, or seek relief from a defendant who is immune from such relief must be dismissed. 28 U.S.C. §§ 1915(e)(2) & 1915A(b); 42 U.S.C. § 1997e (c)(1).

A complaint that lacks a cognizable legal theory or alleges insufficient facts under a cognizable legal theory fails to state a claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 does not demand detailed factual allegations, but "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To state a plausible claim, a

plaintiff must plead facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations that are legal conclusions, bare assertions, or merely conclusory. *Id.* at 679-80. Second, the court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, the claim may proceed. *Id.* at 680.

"The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted). A court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The court is not required to "'assume the truth of legal conclusions merely because they are cast in the form of factual allegations.'" *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (*per curiam*) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)). "[C]onclusory allegations of law and unwarranted inferences are insufficient." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *accord Iqbal*, 556 U.S. at 678.

Leave to amend should be granted if it appears the plaintiff can correct the defects in the complaint. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). When it is clear the complaint cannot be saved by amendment, however, dismissal without leave to amend is appropriate. *Sylvia Landfield Trust v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013).

### III. DISCUSSION

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff "must allege a violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

**A.     Immunity and Injunctive Relief**

Defendants named in their official capacities are not persons subject to suit under § 1983. *See Will v. Mich. Dept. of State Police*, 491 U.S. 58, 70-71 (1989); *Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2007). The only exception is "for prospective declaratory and injunctive relief against state officers, sued in their official capacities, to enjoin an alleged ongoing violation of federal law." *Young v. Hawaii*, 911 F. Supp. 2d 972, 983 (D. Haw. 2012) (quoting *Agua Caliente Band of Cahuilla Indians v. Hardin*, 223 F.3d 1041, 1045 (9th Cir. 2000)); *see Ex parte Young*, 209 U.S. 123 (1908).

Plaintiff names Defendants in their official capacities only and does not request injunctive relief. Thus, claims against Defendants in their official capacities for monetary damages are DISMISSED without leave to amend.

**B.     Deliberate Indifference[5]**

Prison officials have a duty to provide inmates adequate food, clothing, shelter, and medical care, and must "take reasonable measures to guarantee" their safety. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citing *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). To state a constitutional claim for failure to prevent harm, an inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Farmer*, 511 U.S. at 834 (citing *Helling v. McKinney*, 509 U.S. 25, 35 (1993)). Two requirements must be met to establish a constitutional violation based on the failure to prevent harm: (1) objectively, the alleged deprivation must have been "sufficiently serious," in that "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm;" and (2) subjectively, the prison official must have had a "sufficiently culpable state of mind" manifesting "deliberate

---

[5] Whether Plaintiff was a pre-trial detainee in 2013, protected from cruel and unusual punishment under the Fourteenth Amendment, or a convicted prisoner protected under the Eighth Amendment, the legal standard is the same. *See Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

indifference" to the inmate's health or safety. *See id.*; *see also Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991); *Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002).

The test for deliberate indifference is the same as that for criminal recklessness, i.e., the official must actually know of and disregard an excessive risk to inmate safety. *Farmer*, 511 U.S. at 836-37. Neither negligence nor gross negligence constitutes deliberate indifference. *See id.* at 835-36 & n.4; *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

**C.     Claims Against Warden Hoffman**

Other than naming Warden Hoffman in his official capacity and broadly alleging, "O.C.C.C. officials failed to install Guard Rails on the upper bunks!," the Amended Complaint contains no specific allegations against Hoffman. Am. Compl., Doc. No. 1, PageID #27. The court liberally construes this as a claim against Warden Hoffman for an institutional failure to authorize and install guard rails on upper bunks at OCCC.

This claim does not satisfy the objective prong for a deliberate indifference claim. Not "every injury suffered by an inmate . . . necessarily translate[s] into constitutional liability for prison officials." *Osolinski v. Kane*, 92 F.3d 934, 937 (9th Cir. 1996). "[O]nly those deprivations denying 'the minimal

civilized measure of life's necessities,' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson*, 501 U.S. at 298 (citation omitted); *Osolinski*, 92 F.3d at 937-38 (granting qualified immunity against deliberate indifference claim stemming from inmate's second degree burns suffered when oven door fell off its hinges).

Upper bunks that lack guard rails do not present a risk so grave that they "violate 'contemporary standards of decency'" amounting to cruel and unusual punishment. *Milsap v. Cate*, 2012 WL 1037949, at *5 (E.D. Cal. Mar. 27, 2012) (quoting *Neal v. Shimoda*, 131 F.3d 818, 833 (9th Cir. 1997)). *Milsap* concluded that a prison's failure to install "safety apparatus" on bunk beds does not objectively state a viable claim for deliberate indifference. *Id.* at *4 (collecting district court cases within and outside the Ninth Circuit finding the same); *see also*, *Grushen v. Hedgpeth*, 2012 WL 2590390, at *1 (N.D. Cal. July 3, 2012) ("Bunk beds -- even those without ladders and/or handrails -- do not satisfy the objective prong necessary for an Eighth Amendment violation."); *Connolly v. Cty. of Suffolk*, 533 F. Supp. 2d 236, 241 (D. Mass. 2008) (holding ladderless bunk beds are not objectively sufficiently serious conditions of confinement in light of evidence that "[t]housands of . . . inmates access bunk beds daily without the aid of a ladder and without incident" and only about a dozen injuries had been

reported) (citing *Osolinski*, 92 F.3d at 939). This court agrees that prison wardens are not required to install guard rails on every upper bunk in every prison to satisfy the Eighth Amendment. Plaintiff's official capacity claim against Warden Hoffman fails to allege an ongoing violation of federal law sufficient to warrant injunctive relief and is DISMISSED without leave to amend.

    To the extent Plaintiff's intent is to hold Warden Hoffman individually liable for his subordinates' alleged failure to approve a Bottom Bunk memo, this claim also fails. Section 1983 requires an actual connection or link between the actions of the defendants and the deprivation allegedly suffered by the plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976) (holding that § 1983 requires an affirmative link between the misconduct alleged and the adoption of a plan or policy by supervisors that authorized or approved such misconduct). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior. *Iqbal*, 556 U.S. at 676; *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979) (finding no liability when there was no allegation of personal participation); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978) (finding no liability where there was no evidence of personal participation). Rather, each government official may only be held liable for his or her own personal misconduct. That is, a supervisor may be held individually liable if (1) he was personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between his or her wrongful conduct and the Constitutional violation. *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011); *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989). In general, a plaintiff "must allege that every government defendant -- supervisor or subordinate -- acted with the state of mind required by the underlying constitutional provision." *OSU Student Alliance v. Ray*, 699 F.3d 1053, 1070 (9th Cir. 2012). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are insufficient. *See Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982) (finding complaint insufficient that is devoid of specific factual allegations of personal participation).

Plaintiff alleges *no* facts linking Warden Hoffman to any alleged deprivation of Plaintiff's constitutional rights. Plaintiff fails to explain how Warden Hoffman was personally involved in his assignment to an upper bunk, or knew that Plaintiff was injured and his assignment to an upper bunk was dangerous, and despite this knowledge, acted with deliberate indifference to Plaintiff's safety. *See Farmer*, 511 U.S. at 834; *see also Estelle v. Gamble*, 429 U.S. 97, 105 (1976). Plaintiff also fails to point to any official policy or procedure that Warden Hoffman implemented that caused the Jane and John Doe Defendants to violate his rights. In short, Plaintiff fails to plead a causal connection between Warden Hoffman's actions or inactions and Plaintiff's fall from his bunk. Claims against Warden Hoffman for damages are DISMISSED with leave to amend.

**D.      Claims Against John and Jane Does 1-20**

Plaintiff's claims against John and Jane Does 1-20 are difficult to comprehend. It appears he alleges one or more female OCCC intake staff members, identified as "Jane Does 1-10," failed to comply with his request for a Bottom Bunk memo. *See* Am. Compl., Doc. No. 1, PageID #28 (Count II). He also vaguely suggests that OCCC medical staff, identified as the remaining Jane and John Does, failed to comply with a request for a Bottom Bunk memo made by "Module 5#" staff, on "inmates" behalf. *Id.*, PageID #29 (Count III).

### 1. *OCCC Intake Staff*

Plaintiff's attempt to hold OCCC Jane Doe intake staff liable for failing to "comply" with his request for a Bottom Bunk memo fails to state a claim. The Jane Does' actions -- logging Plaintiff's health information on intake, supposedly including his fractured ribs from a month earlier, and forwarding that information and his request for a Bottom Bunk memo to the medical unit -- does not suggest that they acted with deliberate indifference to an excessive risk to Plaintiff's safety. First, Plaintiff does not allege Jane Does intake staff assigned him to an upper bunk or denied him a bottom bunk, or had the authority to issue him a Bottom Bunk memo. He fails to allege *who* assigned him to an upper bunk or *when* that actually occurred. We know only that (1) he reentered OCCC on September 13; (2) was interviewed at intake on September 19; (3) was seen at the medical unit on September 23; and (4) fell from a top bunk on September 26, 2013. Moreover, Plaintiff emphatically asserts that the intake Jane Does forwarded his request for a Bottom Bunk memo to the medical unit. This suggests that they did not have authority to grant his request for a Bottom Bunk memo, yet passed his intake information to the medical unit to assess and grant such a request.

Nor is the risk presented by Plaintiff's month-old healing rib fractures, without anything further, so obvious as to allow the court to plausibly infer that OCCC's intake staff acted with the "sufficiently culpable state of mind," that is, criminal recklessness, when they logged his intake information and forwarded it to the appropriate prison departments, but did not immediately ensure that he was assigned to a bottom bunk. Without more information, Plaintiff fails to state a claim against OCCC Jane Does intake staff. Thus, claims against OCCC Jane Does intake staff are DISMISSED with leave to amend.

### 2. *Medical Unit Staff*

To the extent that Plaintiff claims OCCC's medical staff failed to act on his Bottom Bunk memo request at intake (and Module 5#'s later request on his behalf) he also fails to state a claim. First, Plaintiff alleges no specific claims against the OCCC medical unit staff and identifies no action, inaction, or individual that can liberally be imputed to John and Jane Does medical staff. Rather, Plaintiff carefully limits his statement of facts to the OCCC intake staff. Plaintiff alleges no specific facts that can be construed liberally as identifying the OCCC medical staff (or Warden Hoffman) as having a personal connection to his alleged deprivation or fall.

Second, Plaintiff's Multidisciplinary Progress Notes show he was seen at the medical unit three days before he fell from his bunk, on September 23, 2013. Plaintiff does not allege that he reiterated his request for a Bottom Bunk memo at that time or that such request was denied. The Multidisciplinary Progress Notes support a finding that he did not. Accordingly, claims against OCCC John and Jane Doe medical unit staff are DISMISSED with leave to amend.

### 3. Doe Defendants

Rule 10(a) of the Federal Rules of Civil Procedure requires a plaintiff to include the names of all parties in the action in the caption. As a practical matter, it is impossible in most instances for the United States Marshal or his designee to serve a summons and complaint on an anonymous defendant. The use of doe defendants is therefore generally disfavored in the federal court. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).

If the names of individual defendants are unknown at the time a complaint is filed, however, a plaintiff may refer to the unknown defendants as Defendant John Doe 1, John Doe 2, John Doe 3, and so on, but he must allege facts to support how each particular doe defendant violated the plaintiff's constitutional rights. A plaintiff may thereafter use the discovery processes to obtain the names of any doe defendants he believes violated his constitutional

15

rights and seek leave to amend to name those defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds. *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie*, 629 F.2d at 642 (9th Cir. 1980)).

Plaintiff sues Jane and John Doe Defendants 1-20 without alleging how any individual violated his constitutional or statutory rights. Plaintiff provides no identifying facts against any John Doe 1-10, and provides only the most basic facts against possibly two Jane Does 1-10, who worked at intake. Thus, Plaintiff fails to state a claim against Defendants John and Jane Does 1-20 and they are dismissed. Plaintiff may reallege claims against doe defendants, subject to the limitations set forth herein, but he must allege specific facts showing what each particular doe defendant did to violate his rights.

Plaintiff fails to state a cognizable claim for deliberate indifference against any OCCC official or employee for failing to install guard rails on all upper bunks. He also fails to state a claim that his fall from his upper bunk while asleep is attributable to the deliberate indifference of OCCC employees or officials. Plaintiff's claims against Doe Defendants are DISMISSED with leave to amend.

## IV. **LEAVE TO AMEND**

Plaintiff may file an amended complaint on or before August 28, 2015, consistent with the Order -- that is, the amended complaint must cure the deficiencies noted above. An amended complaint generally supersedes the original complaint. See *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967), *overruled in part by Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012) (en banc)). Therefore, although this court will not ignore Plaintiff's original statement of facts when reviewing an amended complaint, any amended complaint should stand on its own as a complete document without incorporating or referring to an original complaint. Defendants not named in the caption and claims dismissed without prejudice that are not realleged in an amended complaint may be deemed voluntarily dismissed. *See Lacey*, 693 F.3d at 928 ("[C]laims dismissed with prejudice [need not] be repled in a[n] amended complaint to preserve them for appeal . . . [but] claims [that are] voluntarily dismissed [are] . . . waived if not repled."). In an amended complaint, each claim and the involvement of each Defendant must be sufficiently alleged. Plaintiff is NOTIFIED that he must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii if he chooses to amend his pleading.

## V. **28 U.S.C. § 1915(g)**

If Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order on or before August 28, 2015, this dismissal shall count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). A prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

## VI. **CONCLUSION**

IT IS HEREBY ORDERED that:

(1) The Amended Complaint is DISMISSED for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Specifically, Plaintiff's official capacity claims against (a) all Defendants for damages; and (b) Warden Hoffman for his alleged failure to install or approve upper bunk guard rails at OCCC, are DISMISSED WITH PREJUDICE.

Plaintiff's individual capacity claims regarding Plaintiff's bunk assignment as alleged against Warden Hoffman, OCCC Jane Does intake staff, and OCCC Jane and John Does medical unit staff, are DISMISSED WITHOUT PREJUDICE, with leave granted to amend. Plaintiff may file an amended complaint curing the deficiencies noted above on or before August 28, 2015.

(2) Failure to timely amend the Complaint and cure the pleading deficiencies discussed above will result in DISMISSAL of this action for failure to state a claim, and shall be counted as a strike pursuant to 28 U.S.C. § 1915(g).

(3) The Clerk is directed to mail Plaintiff a form prisoner civil rights complaint so he can comply with the directions in this Order.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 13, 2015.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Cummings v. Hoffman*, Civ. No. 15-00227 JMS/RLP; Order Dismissing Amended Complaint Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(a).